**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48197**

| | |
|---|---|
| SAMUEL CARL NEYHART, | ) |
| | ) **Filed: June 23, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Samuel C. Neyhart, Filer, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Samuel Carl Neyhart appeals from the district court's summary dismissal of his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Neyhart was charged with three counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508. A jury convicted Neyhart of all three counts. Neyhart then appealed to this Court, and the judgment of conviction was affirmed for all three counts. *State v. Neyhart*, 160 Idaho 746, 378 P.3d 1045 (Ct. App. 2016). In that decision, this Court set forth in detail the facts underlying Neyhart's conviction. *Id*. at 749-50, 378 P.3d at 1048-49.

Thereafter, Neyhart filed a pro se petition for post-conviction relief, alleging sixteen instances of ineffective assistance of counsel and fourteen instances of Fifth, Sixth, and Fourteenth Amendment violations. The district court denied Neyhart's petition, and this Court

affirmed the judgment on appeal. *Neyhart v. State*, Docket No. 46446 (Ct. App. March 31, 2020) (unpublished).

Subsequently, Neyhart filed a petition for leave to file a subsequent petition for post-conviction relief and, after the district court filed a notice of intent to dismiss the petition, Neyhart filed an answer and amended subsequent petition for post-conviction relief. Neyhart's claims included that the prosecutor deliberately concealed and misrepresented evidence regarding the victim's skin condition, several alleged evidence disclosure violations, and an ineffective assistance of counsel claim. The district court denied Neyhart's petition, finding that Neyhart's claims were barred under I.C. § 19-4908, since they could have been presented in a prior proceeding, and that they failed to meet the standard under *Brady v. Maryland*, 373 U.S. 83 (1963). Neyhart timely appeals.

## II.

## ANALYSIS

Neyhart argues that the district court erred in dismissing his petition. Specifically, Neyhart argues that since the nature of the victim's skin condition, lichen sclerosus, was misrepresented by the State, it remained unknown to him and his failure to raise it in an earlier proceeding should have been excused under I.C. §§ 19-4901 and 19-4908. Neyhart also again alleges *Brady* violations, prosecutorial misconduct, and an ineffective assistance of counsel claim on appeal, all of which rely on his assertion that the State misrepresented evidence of the victim's skin condition.

Idaho Code § 19-4901 provides that "any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it . . . could not, in the exercise of due diligence, have been presented earlier." Idaho Code § 19-4908 provides that "all grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application" or be waived. A court may excuse a failure to raise a claim if it "finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original . . . application."

Neyhart's successive petition and his appeal of the dismissal of that petition primarily rest on several assertions relating to the State's conduct concerning evidence of the victim's skin condition. Neyhart argues that the State misrepresented the serious nature of lichen sclerosus when it reported that "no findings" resulted from the victim's colposcopic examination and

allowed its expert witness to testify that lichen sclerosus is a "normal variance, such as a mole, or a freckle, or a birthmark." Neyhart argues this was an intentional misrepresentation by the State with the purpose of withholding the serious nature of lichen sclerosus, which may result in redness or bruising, thereby preventing Neyhart from using it in his defense at trial and on appeal.

The district court relied on *State v. Stevens*, 146 Idaho 139, 191 P.3d 217 (2008) to find that Neyhart's arguments were based on new interpretations of existing evidence, rather than newly discovered evidence that could support excusing Neyhart's failure to raise these claims on direct appeal or in his original post-conviction petition. *Id.* at 146, 191 P.3d at 224. The court reasoned that since all evidence cited by Neyhart existed prior to his direct appeal and first post-conviction petition, and Neyhart did not show that the failure to learn of the evidence was not due to lack of diligence, it did not constitute new evidence under *State v. Drapeau*, 97 Idaho 685, 692, 551 P.2d 972, 979 (1976). Therefore, Neyhart failed to adequately demonstrate why these claims were not included in his direct appeal and original post-conviction petition. We agree with the district court.

While Neyhart insists that the nature of the victim's skin condition was not known to him until recently, the district court is correct that the evidence ostensibly supporting Neyhart's claims existed in the record prior to his filing an appeal and original post-conviction petition. This is also true for his claims of *Brady* violations, prosecutorial misconduct, and ineffective assistance of counsel, all of which rely on the same facts as set forth above. Because the conduct and medical information relied upon (although Neyhart claims he was previously unaware of its import) existed prior to his direct appeal and original petition for post-conviction relief, the district court did not err in denying Neyhart's successive petition for post-conviction relief.

## III.

## CONCLUSION

The district court did not err by dismissing Neyhart's successive petition for post-conviction relief. Accordingly, the district court's judgment dismissing Neyhart's successive petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.